[No. 17342.   Department One.   January 25, 1923.]

JOHN Z. BAYLESS, *Respondent*, v. FRANK O. GORDON et al., *Appellants*.[1]

USURY (17)—EVIDENCE—SUFFICIENCY. A note calling for "8% per ――― from date" is not usurious on its face, but is shown to be usurious by evidence that it was agreed that the interest was to be eight per cent per month, and at the end of each month it was renewed on the payment of $80 receipted for and indorsed as, "interest paid to date."

SAME (17)—BURDEN OF PROOF—EVIDENCE. Where a note on its face called for interest at the rate of eight per cent per annum, the uncorroborated evidence of defendant, contradicted by plaintiff, that it was agreed that interest should be paid at the rate of eight per cent per month does not sustain the plaintiff's burden of proof of usury.

Cross-appeals from a judgment of the superior court for King county, McCroskey, J., entered February 28, 1922, upon findings in favor of the plaintiff, in an action to enjoin a chattel mortgage foreclosure, tried to the court. Affirmed.

[1]Reported in 212 Pac. 169.

*W. H. Bolen,* for appellants.
*Guie & Halverstadt,* for respondent.

Bridges, J.—This action concerns usurious rates of interest. At the commencement of the transactions mentioned, the parties. lived in Seattle and were strangers. On September 1, 1920, the plaintiff made a thirty-day loan of the defendant in the sum of $1,000, which was evidenced by a promissory note of that date which provided on its face for interest "at the rate of 8% per ―――― from date," and on November 24, 1920, the plaintiff obtained from the defendant an additional thirty-day loan of $750, which was evidenced by a promissory note calling for interest "at the rate of 8% per annum from date hereof. . ." On the last named date, the first or $1,000 note not having been paid, plaintiff gave to the defendant as security for both notes a chattel mortgage covering two automobiles. Not long thereafter, the principal on both notes being due and unpaid, the defendant instituted proceedings seeking to foreclose his mortgage by notice and sale. Before the sale was made, the plaintiff, alleging that the notes were both tainted with usurious interest, caused the matter to be taken into the superior court, where, after trial, the court found that the $1,000 was usurious, and that the $750 note was not usurious, and gave judgment accordingly, directing foreclosure of the mortgage. The defendant has made a direct appeal and the plaintiff a cross-appeal.

Practically nothing but questions of fact are involved, and a careful reading of all the testimony fails to convince us that the conclusions of the trial court are wrong. We will first briefly discuss the $1,000 note. It will be observed that it calls for "8% per ―――― from date," consequently the instrument, upon its face, is not usurious. But, in our opinion, the

facts and circumstances show that, at the time the loan was made, it was understood and agreed that the interest should be at the rate of eight per cent per month, and that interest at that rate was actually paid and received during the period of three months. The respondent testified that it was agreed that the interest should be eight per cent per month. This is categorically denied by the appellant. But the testimony shows that, when the note came due thirty days after its date, the respondent was unable to pay the principal and sought and obtained an extension for an additional thirty days, and at that time gave the appellant his check for $80, which he says was for one month's interest. Appellant cashed the check and indorsed the note "interest paid to date." At the termination of the second period of thirty days, respondent sought and obtained an additional thirty days and gave appellant his check for $80, which he says was for one month's interest, and which appellant cashed and indorsed on the note "interest paid to date." In thirty days an additional extension was made, and a like check was given and a like indorsement made on the note. It was at this time that the additional loan of $750 was obtained and the chattel mortgage made, securing both notes.

When the proceeding to foreclose the mortgage by notice and sale was instituted, the suit was for the whole amount of the principal and some interest. We do not consider, however, that this fact is very material, because the notes were left with the attorney for the appellant, and in making up his foreclosure proceedings he got his information from the notes themselves, the first of which, together with the indorsements as above indicated, would show the whole amount of the principal was owing, and the appellant quite clearly shows that, when asked to sign these fore-

closure papers, he did not read them and did not know that foreclosure was being made for the full amount of the notes. But he testifies that when each $80 was paid and he made the indorsement on the notes as above indicated, he intended to acknowledge that interest at the rate of eight per cent per annum was paid in full and the balance was to be applied on the principal. But no such indorsements were made upon the notes. Eight per cent per month would be $80, the exact amount of the monthly payments made by respondent. The respondent testified that it was understood at all times he was to pay eight per cent per month, and that appellant instructed him to have the note drawn as it was for the purpose of concealing the usurious rate of interest.

These facts, together with others not necessary to recite, convince us that the ruling of the trial court was correct concerning the $1,000 note.

By the cross-appeal, the plaintiff seeks to have us hold that the $750 note was also tainted with usury. He testified that, at the time of the giving of the note, it was distinctly agreed and understood that interest should be paid at the rate of eight per cent per month. However, the note is fair upon its face, stating that the interest is at the rate of eight per cent per annum, and no payments of interest on that note were made or received. The appellant, of course, denies that there was any agreement for usurious interest on this note, and in the absence of any payment of interest or anything being done which would be proof supporting the cross-appellant's claim (the burden of proof being on him), we cannot say that the trial court was wrong in finding that the $750 note was not tainted with usury.

The judgment is affirmed.

PARKER, MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.